UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Larry Todd,

Petitioner,

vs. REPORT AND RECOMMENDATION

United States,

Respondent. Civ. No. 01-69 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 9th day of February, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon an initial screening of the Plaintiff's Petition for Writ of Habeas Corpus, pursuant to Title 28 U.S.C. §2241. The Plaintiff appears pro se, and the Respondents have yet to make an appearance. For reasons which follow, we recommend that the Plaintiff's Petition be summarily dismissed, with prejudice.

## II. Factual and Procedural History

The Petitioner is presently serving a sentence at the Federal Prison Camp in Duluth, Minnesota. The sentence was imposed by the United States District Court for the Western District of Wisconsin,

(4)

FILED FEB 09 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

on September 9, 1997, following the Petitioner's entry of a guilty plea on July 1, 1997, to conspiracy to manufacture marijuana. See, Petition for Habeas Corpus, at 2.

According to the Petitioner, he has previously filed a Motion, under Title 28 U.S.C. §2255, arguing that he was provided ineffective assistance of counsel. Id. at 6. The District Court for the Western District of Wisconsin denied the Petition on March 19, 1998. Id.

On October 3, 2000, the Petitioner applied to the United States Court of Appeals for the Seventh Circuit for permission to file a second or successive Petition under Section 2255. See, Memorandum of Law in Support of Writ of Habeas Corpus, at 2 ("Petitioner's Memorandum"). At that time, he argued that the number of marijuana plants, and the weapon enhancement, as to which he was held accountable, was not treated as an element of the offense, in violation of the Due Process Clause of the Fifth Amendment, and the Notice and Jury Trial Guarantees of the Sixth Amendment. Id. at 7. The Petitioner bases this argument on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). On October 16, 2000, the Seventh Circuit Court of Appeals denied the Petitioner's request to file a second or successive Motion under Section 2255, explaining as follows:

> [The Petitioner] could not prevail on his proposed claim because the drug quantity for which he was held accountable did not increase his sentence beyond the prescribed statutory maximum. The statutory maximum is 20 years of imprisonment, 21 U.S.C. §841(b)(1)(C), and [the Petitioner] was sentenced to only 120 months.

See, Todd v. United States, Civ. No. 00-3594 (7th Cir. Oct. 16, 2000).

The Petitioner has now filed a Petition for a Writ of Habeas Corpus, under Title 28 U.S.C. §2241, claiming that the remedy under Section 2255 is inadequate and ineffective to test the legality of his detention. See, Petitioner's Memorandum, at 1.

## III. Discussion

A. Standard of review. In responding to the proliferation of prisoner complaints, Congress enacted the Prisoner Litigation Reform Act ("PLRA"), which has "the principal purpose of deterring frivolous prisoner litigation * * *." Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997), citing H.R. Conf. Rep. No. 104-378, at 166-67 (1995). In promulgating the PLRA, Congress "was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task." Roller v. Gunn, 107 F.3d 227, 230 (4th Cir. 1997), cert. denied, 522 U.S. 874 (1997).

Pursuant to the PLRA, a District Court is required to screen prisoner civil actions seeking redress from the government, or from government officials or employees, and must dismiss any prisoner Complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted * * *." Title 28 U.S.C. §1915A.[1] A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Williams v. Hopkins, 130 F.3d 333, 335 (8th Cir. 1997), cert. denied, 522 U.S. 1010 (1997). By its terms, Section 1915A also requires dismissal if the Complaint would not survive a Motion pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. See, Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998); Duamutef v. Morris, 956 F. Supp. 1112, 1114 (S.D.N.Y. 1997); Lugo v. Immigration and Naturalization Serv., 950 F. Supp. 743, 745 (E.D. Va. 1997); Jones v. Russell, 950 F. Supp. 855, 856 (N.D. Ill. 1996). Under the Rule 12(b)(6) standard, a pro se Complaint, no matter how deficiently pled, withstands scrutiny "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972); see also, Smith v. St. Bernard's Regional Med. Center, 19 F.3d 1254, 1255 (8th Cir. 1994).

---

[1]The Statute does not exempt fee-paying prisoners from the Court's initial review.

B. Legal Analysis. Upon our independent review of the Petition, we conclude that we are without jurisdiction, under Title 28 U.S.C. §2241, to address the claims that the Petitioner here seeks to raise. The law is settled that challenges to the lawfulness of a conviction, or to a sentence -- rather than to the lawfulness of the execution of a sentence -- are generally not reviewable by the Habeas mechanism but, rather, should be submitted to the Sentencing Court in a Section 2255 Petition. See, Title 28 U.S.C. §2255; DeSimone v. Lacy, 805 F.2 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983).

Before the enactment of Section 2255, Federal prisoners, who sought to collaterally attack their convictions or sentences, were required to file Petitions for Habeas Corpus in the District Court in the District in which they were incarcerated. As a consequence, those challenges were unduly concentrated in the relatively few Districts that contained Federal prisons. Section 2255 was enacted in order to change the venue of post-conviction proceedings, which are initiated by Federal prisoners, from the District of incarceration, to the District in which the prisoner had been sentenced, thereby ensuring a more even distribution of Federal post-conviction proceedings. See, United States v. Hayman, 342 U.S. 205, 212-19 (1952).

In an apparent recognition of the constitutional questions which might arise from totally foreclosing the availability of Habeas relief, Congress created a safety valve, within Section 2255, by expressly permitting a Federal prisoner to mount an attack upon his conviction, by means of a Habeas Petition, if it appeared that a Section 2255 Motion "[would be] inadequate or ineffective to test the legality of [the prisoner's] detention." Title 28 U.S.C. §2255. According to our Court of Appeals, a would-be Habeas Petitioner bears the burden of demonstrating, as a precondition to applying for Habeas Corpus, that the remedy in the Sentencing Court is inadequate or ineffective. See, DeSimone v. Lacy, supra at 323.

Courts have construed the "inadequate or ineffective" safety valve narrowly, so as to prohibit a Court in the District in which the prisoner is confined from second-guessing the Sentencing Court, and the Court of Appeals to which that Court is responsible, or from engaging in an end-run around the procedural strictures that Congress has set forth in Section 2255. Ordinarily, "the remedy afforded by [Section] 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, * * * or because an individual is procedurally barred from filing a [Section] 2255 motion." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); see also, Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Tripati v. Henman, 843 F.2d

1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); cf., Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980)(holding that prisoner, who was denied relief under Section 2255, was precluded from raising same grounds in Habeas Petition under Section 2241).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, §105, 110 Stat. 1220, amended Section 2255 by restricting the circumstances under which Federal prisoners are permitted to file second or successive Motions that attack their sentences, and this has spawned a new category of cases, in which the Section 2255 remedy is no longer considered adequate or effective. The AEDPA, which retained Section 2255's "inadequate or ineffective" clause, added the following language to the Section:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain[2] --

---

[2]The relevant portions of Section 2244(b)(3) provide as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall

(continued...)

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. §2255.

In this case, the Petitioner relies on a new rule of constitutional law -- the Supreme Court's decision in Apprendi v. New Jersey, supra -- as a basis for his contention that the remedy afforded by Section 2255 is inadequate or ineffective. See, Petitioner's Memo-

---

[2] (...continued)

> be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Title 28 U.S.C. §2244(b)(3).

randum, at 3. However, the Petitioner fails to recognize that the Court of Appeals for the Seventh Circuit did expressly consider the Supreme Court's holding in Apprendi v. New Jersey, supra, when considering his request to file a second or successive Petition under Section 2255. The Court specifically stated that Apprendi did not affect the Petitioner's sentence, because he was not sentenced to a term of incarceration above the statutory maximum. See, Todd v. United States, Civ. No. 00-3594 (7th Cir. Oct. 16, 2000). Although the Petitioner disagrees with the Court's holding, we are not empowered to second guess the Court's legal resolution of the issue.

Therefore, finding that we do not have jurisdiction, under Section 2241, to consider the Petitioner's claims, we recommend that his Petition for Writ of Habeas Corpus be summarily dismissed.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be summarily dismissed.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 27, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 27, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.